**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| CATERPILLAR INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 99-CV-1201 |
| STURMAN INDUSTRIES, INC., ODED E. STURMAN and CAROL K. STURMAN, | ) ) | Judge Michael M. Mihm |
| Defendants. | ) | |
| _____ | ) | |
| STURMAN INDUSTRIES, INC., and ODED E. STURMAN, | ) ) | |
| Counter-Plaintiffs, | ) | |
| v. | ) | |
| CATERPILLAR INC., | ) | |
| Counter-Defendant. | ) | |

**ORDER**

This matter is now before the Court on Caterpillar's Motion in Limine No. 2. Caterpillar moves to prohibit the Sturmans from asserting their affirmative defenses of unclean hands, waiver, and laches at trial. In support of this Motion, Caterpillar argues that each of these affirmative defenses was rejected by Judge McDade. The affirmative defense of unclean hands was excluded in the July 3, 2002, Order. The court granted Caterpillar's Motion for Judgment as a Matter of Law on the Sturmans' affirmative defense of waiver on July 17, 2002, and the affirmative defense of laches was rejected on January

31, 2003.  Caterpillar asserts that these defenses are barred from consideration in the retrial because the Sturmans did not challenge any of these rulings on appeal.

In response, the Sturmans argue once again that Caterpillar fails to recognize the discretionary nature of the law of the case doctrine.  This Court has repeatedly rejected this argument, noting that the law of the case will not be overturned merely because a party disagrees with it and requiring a showing of clear error with respect to the prior decision.  Furthermore, "an argument bypassed by the litigants, and therefore not presented in the court of appeals, may not be resurrected on remand and used as a reason to disregard the court of appeals' decision."  Barrow v. Falck, 11 F.3d 729, 730 (7th Cir. 1993); *see also,* Tronzo v. Biomet, Inc., 236 F.3d 1342, 1347-48 (Fed. Cir. 2001) (distinguishing a situation where a contested issue had not been addressed by the trial court and noting that the failure to appeal a punitive damages award resulted in waiver of the issue and a bar from raising it on remand.)  Thus, the first real question is whether these defenses were raised on appeal to the Federal Circuit.

In their response, the Sturmans do not assert that their affirmative defense of unclean hands was presented on appeal.  Similarly, when asked by the Court to identify the portions of the appellate briefs presenting their affirmative defenses, the Sturmans did not identify any portions of their briefs as having raised the unclean hands defense.  Accordingly, the Court concludes that the failure to appeal Judge McDade's July 3, 2002, Order excluding their unclean hands defense results in a waiver of that defense and a bar to presenting the defense in the retrial.

The Sturmans further respond that their defenses of laches and waiver were in fact raised on appeal. In response to the Court's inquiry, the Sturmans identified four specific passages in their appellate brief as having preserved these affirmative defenses.

On the affirmative defense of waiver, the Sturmans' appellate brief reveals the following passages:

> In addition, Caterpillar forfeited any confidentiality protection for that information by failing to follow the contractual provisions governing confidentiality with respect to that information, and thus failing to put the Sturmans on notice that it regarded the information as confidential. . . .
>
> Caterpillar thus gave Sturman no notice that this document was to be considered Caterpillar proprietary information, and the notion that *Sturman's* confidentiality stamp inured to *Caterpillar's* benefit is outlandish. Indeed, Caterpillar subsequently forfeited any confidentiality rights in that drawing by providing the Sturmans with more refined versions of the drawing without any confidentiality markings . . . and expressly disclosing the allegedly confidential information in writing to the Sturmans on three other occasions without any confidentiality markings. . . .

Sturmans' Appellate Brief at 20, 35. The Court finds that the Sturmans sufficiently preserved this affirmative defense on appeal.

That being said, Judge McDade previously granted judgment in favor of Caterpillar on the Sturmans' waiver defense, and the Sturmans must persuade the Court that the ruling was clear error or offer some other compelling reason why the law of the case should be disturbed. In their response, the Sturmans argue that the court erred in granting judgment on their affirmative defense of waiver because "under JDA Paragraph 5.1 Caterpillar Caterpillar was required to put Sturman on notice of that which Caterpillar contended constituted Caterpillar Proprietary Information. Caterpillar never did so."

Although neither party's brief contains any clear indication of the basis for the prior ruling, the Court has scoured the record in search of the basis for the ruling. Judge McDade's July 17, 2002, Order contains nothing more than one sentence identifying the motion under consideration and a second sentence stating the ruling. However, the underlying Motion for Judgment was based on a lack of evidence indicating that there had been any written, mutual waiver of any term of the JDA, in accordance with ¶ 17 of the JDA, which provides:

> No term of this agreement shall be considered waived, and no breach shall be excused, by either party unless the parties mutually agree in writing; and no consent, waiver, or excuse by either party, whether express or implied, shall constitute a subsequent consent, waiver or excuse.

Whether or not there was a mutual, written waiver is a completely different question than the one that the Sturmans appear to be addressing in their response to the present Motion, which focuses entirely on Caterpillar's failure to mark proprietary information.[1] As the Sturmans have presented no evidence or argument addressing the lack of evidence of mutual, written waiver or suggested that there is new evidence of this kind to be introduced in the upcoming trial, the Court must conclude that they have failed to demonstrate that the law of the case should be disturbed to allow them to present their waiver defense to this jury.

Moreover, the Court would note that Judge McDade clearly and unequivocally rejected the Sturmans' argument with respect to Caterpillar's failure to mark proprietary

---

[1] The Court notes that the Sturmans' construction of ¶ 5.1 of the JDA with respect to the identity of the party marking things confidential was previously addressed in denying the Sturmans' Motion in Limine No. 7.

information both at trial and in denying the Sturmans Motions for Judgment as a Matter of Law. At trial, the court held, "If [technology is] made pursuant to the program and marked confidential, then pursuant to 6.1 it becomes property that is [assigned] to Caterpillar. It doesn't matter who marked it confidential." Trial Transcript at 1137.

This finding was reaffirmed in the court's July 12, 2002, Order at page17, where the court noted that it had "previously ruled that the identity of the person marking the information is irrelevant where the information is developed pursuant to the PROGRAM." In the July 12, 2002, Order, the court specifically addressed the precise argument that the Sturmans are attempting to make here, that is, that the identity of the party marking the information superceded the plain language of the JDA and that Caterpillar waived any claim for breach of contract against the Sturmans by failing to mark several of its own documents as being confidential or proprietary. After noting that there was a "significant issue of fact as to whether the Jumer's drawings were conceived of pursuant to the Program of the JDA," the Court found that if the drawings were covered by the JDA, then they were proprietary information under ¶ 5.1(a), and the Sturmans were obligated to maintain the confidentiality of that information pursuant to ¶ 5.2 of the JDA. July 12, 2002, Order at 15-17. The fact that Caterpillar did not mark subsequently exchanged documents confidential was immaterial, as ¶ 5.1(a) deems proprietary information to include not only documents clearly marked as such, but also "all written drawings, reports, test data, failure analysis and the like exchanged between the parties between September 23, 1991 and the date that this agreement is last signed by the parties whether or not appropriately marked," and "failure to mark information to which the status of 'proprietary information' has already attached is not one of the six waiver conditions enumerated under Paragraph 5.4 of the

JDA." July 12, 2002, Order at 17-18. The Sturmans have likewise failed to demonstrate or even adequately acknowledge this well-reasoned law of the case, and Caterpillar's Motion in Limine is therefore appropriately granted with respect to the affirmative defense of waiver.

On the question of laches, the Sturmans also identified two portions of their appellate brief. On page 20 of their appellate brief, the Sturmans asserted, "[I]n any event, Caterpillar's trade-secret claim is time-barred as a matter of law, because Caterpillar at the very least had 'reason to know' of that claim more than five years before filing it." The next reference occurs on page 38 of the appellate brief:

> Because the undisputed facts here establish, at the very least, that Caterpillar had reason to know of its trade-secret claim against the Sturmans more than five years before filing this lawsuit, the trial court erred as a matter of law by denying the Sturmans' summary-judgment and JMOL motions on this ground.

With all due respect, these citations are couched in classic statute of limitations language and refer to the statute of limitations defense rather than the laches defense, as laches is traditionally presented in terms of an unreasonable lack of diligence and resulting prejudice. See Hot Wax, Inc. v. Turtle Wax, Inc., 191 F.3d 813, 822 (7th Cir. 1999). Accordingly, the Court cannot agree that the Sturmans' laches defense was sufficiently presented on appeal to be preserved for the retrial. As the Court finds that the failure to present their affirmative defense of laches on appeal bars the Sturmans from raising this affirmative defense in the retrial, Caterpillar's Motion in Limine is granted in this respect.

**CONCLUSION**

For the reasons set forth above, Caterpillar's Motion in Limine No. 2 [#518] is GRANTED. As a result, the Court finds that the Sturmans will not be permitted to argue their affirmative defenses of unclean hands, laches, and waiver to the jury in the upcoming trial.

ENTERED this 3rd day of October, 2005

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
