**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| CATERPILLAR INC.,            )<br>                              )<br>          Plaintiff,          )<br>     v.                       )<br>                              )<br>STURMAN INDUSTRIES, INC., ODED E. )<br>STURMAN and CAROL K. STURMAN, )<br>                              )<br>          Defendants.         ) | Case No. 99-CV-1201<br><br>Judge Michael M. Mihm |

This matter is now before the Court on Sections IA and IB of the Sturmans' Motion for Judgment as a Matter of Law, upon which the Court previously reserved ruling. For the reasons set forth below, this aspect of the Motion [#601] is GRANTED.

**DISCUSSION**

The Sturmans have moved for Judgment as a Matter of Law on Caterpillar's conversion claim based on a purported failure to prove that Caterpillar made a demand for the possession of the patents. The elements of a conversion claim are generally undisputed: (1) defendant assumed unauthorized and wrongful control or ownership over the personalty of plaintiff; (2) plaintiff's right in the property; (3) the right to immediate possession of the property; and (4) a demand for possession. Martel Ent. v. Chicago, 584 N.E.2d 157, 160 (Ill.App.Ct. 1991). This is acknowledged in ¶ 18 of the Final Pretrial Order, which lists as a joint contested issue of fact "[w]hether Caterpillar made a demand to the Sturmans for possession of the patents", as well as the proposed jury instructions, which list "a demand to the Sturmans for possession of the patents" as a proposition to be proven by Caterpillar with respect to the conversion claim.

Caterpillar first argues that any challenge to the adequacy of its proof of demand is somehow barred by the law of the case because the first jury entered a verdict in favor of Caterpillar on the conversion claim, and Judge McDade twice found that there was sufficient evidence at the first trial to support the claim. This argument is without merit. The jury's verdict was vacated, and Judge McDade's rulings were based on the evidence that was presented at the first trial. It is clear that at least in one material respect, that is with respect to the specific testimony of Mr. Maley denying that he personally made any demand on the Sturmans, the evidence presented in this trial has been different from that presented during the first trial. A review of the prior rulings in this case would also indicate that the question of the adequacy of the demand was not specifically at issue in the prior proceedings. Caterpillar further contends that the fact that the Sturmans did not specifically appeal the now vacated verdict on the conversion claim operates as a waiver. However, it would be nonsensical to suggest that something about the procedural posture of this case, wherein the jury verdict was set aside, relieves Caterpillar from the burden of proving each element of its claim at retrial, which is what the Sturmans are asserting in the present motion. If Caterpillar were correct in this assertion of the law of the case, there would be no need for a retrial on the conversion claim, as all elements of that claim were found to have been previously and definitively established at the first trial. This is incorrect as a matter of law.

Caterpillar next argues that the record contains sufficient evidence of a demand. While Caterpillar does not dispute that no pre-litigation demands were made after the '329 and '987 patents issued, it points to pre-issuance communications in an attempt to demonstrate that a demand was made. Caterpillar first contends that ¶ 6.1 of the JDA acts

as the functional equivalent of an ongoing demand or the waiver of any future demand. The Court rejects this contention, as there is simply no legal authority supporting such a proposition.

Caterpillar next points to the May 23. 1994, letter from Mr. Maley to Mr. Sturman, as well as the assignment document included with that letter. However, the Court finds that these documents must be considered in the context in which they were made. The letter and request for assignment is asking Mr. Sturman to sign off on and relinquish rights to Caterpillar's 92-463 patent application and the invention claimed therein. With all due respect, this communication cannot reasonably be interpreted as a demand for possession of the Sturmans' '329 and '987 patents, as Caterpillar had no knowledge that Sturman was even considering applying for such patents at the time the letter was sent. In fact, one of the patent applications had not even been filed yet and neither patent had been issued.

Caterpillar seems to be arguing that the May 23, 1994, letter and assignment document constituted a demand for the "subject matter" of the '329 and '987 patents. In light of the agreed language of the Final Pretrial Order requiring a demand for possession of the actual <u>patents</u>, as well as Caterpillar's proffered jury instructions reiterating this requirement, this argument must be rejected. To change the requirements of this litigation as set forth in the Final Pretrial Order at the close of Caterpillar's case because the Sturmans made the strategic decision to put more emphasis on the demand requirement in this trial would be fundamentally unfair to the Sturmans and would result in a manifest injustice. Moreover, the Court would note that any effort to move away from a conversion claim based on a demand for the patents themselves to the more amorphous "subject

3

matter" of a patent drifts dangerously close to a claim based on a demand for the trade secret, which would clearly be preempted by Illinois' Uniform Trade Secrets Act.

The only other evidence offered by Caterpillar in support of its demand is its attorney's August 29, 1994, letter to Mrs. Sturman requesting a meeting to discuss the disagreement over Caterpillar's 92-463 patent application, as well as whether the invention depicted in the Jumer's drawing is covered by ¶ 6.1 of the JDA, and the ensuing settlement negotiations. Again, this letter and the ensuing discussions occurred prior to the issuance of either the '329 or '987 patents. The plain language of the letter makes no demand for possession of either of these patents but rather refers to the 92-463 patent application, and there has been no testimony presented during this trial establishing that a demand for possession of the '329 or '987 patents was made during the negotiations that followed in the fall of 1994.

While no formal words are required to constitute a demand, a demand must be "a request for present delivery of the property, and must be in absolute, unequivocal terms. The demand must be reasonable in nature and sufficiently definite and complete to apprise the defendant of the specific property claimed." 90 C.J.S. § 43. The Court finds that none of the communications identified by Caterpillar or inferences that could reasonably be drawn therefrom satisfy this standard as a matter of law.

Caterpillar alternatively switches gears to argue that it is not required to have made a demand in order to establish its conversion. In support of this assertion, Caterpillar cites Claeys v. Village of Brookfield, 2004 WL 2124621 (N.D.Ill. 2004), Landfield Fin. Co. v. Feinerman, 279 N.E.2d 30 (Ill.App.Ct. 1972); Hobson's Truck Sales, Inc. v. Carroll Trucking, Inc., 276 N.E.2d 89 (Ill.App.Ct. 1971), Pavilon v. Roxana-Kaferly, 561 N.E.2d

1245 (Ill.App.Ct. 1990), Community Acceptance Corp. v. Falzone, 98 N.E.2d 788 (Ill.App.Ct. 1951), and Hayes v. Massachusetts Mutual Life Ins. Co., 125 Ill. 626 (1888), for the proposition that no demand is required where a party accused of conversion never had a lawful right to possession of the property. Putting aside for the moment that this argument is in direct contravention of the Final Pretrial Orders and jury instructions from both trials, the Court notes that more recent case law indicates that this line of cases only operates to excuse a demand requirement where "the defendant had sold or otherwise disposed of the property in question and thus no longer had possession thereof, the rationale being that a demand for possession would be fruitless where the defendant no longer possesses the chattel and the law will not require the doing of a useless act." Monroe County Water Cooperative v. City of Waterloo, 437 N.E.2d 1237, 1240 (Ill.App.Ct. 1982), *citing* Falzone and National Bond & Investment Co. v. Zakos, 230 Ill.App. 608 (1923). As the Sturmans remain in possession of the patents at issue, Caterpillar's argument that no demand was required must be rejected. Likewise, the Court must reject Caterpillar's corresponding argument that no demand should be required because it would have been futile, as the futility of such a demand is no more clear in this instance that it was with respect to the Sturmans' argument that tender would have been futile on the issue of ratification.

     Demand is an element of conversion. In terms of the record in this trial, the Court must conclude that none of the evidence cited by Caterpillar establishes the existence of a demand for possession of the '329 or '987 patents when considered in the proper context. Based on the record before this Court, the Court must conclude that no reasonable jury could find that Caterpillar has established a demand for possession of these patents, and

as such, the Sturmans' Motion for Judgment as a Matter of Law must be granted with respect to Caterpillar's conversion claim.

## CONCLUSION

For the reasons set forth above, the Sturmans' Motion for Judgment as a Matter of Law [#601] is GRANTED with respect to Caterpillar's conversion claim and denied in all other respects.

ENTERED this 22nd day of November, 2005.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
