## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| CATERPILLAR INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 99-CV-1201 |
| | ) | |
| STURMAN INDUSTRIES, INC., ODED E. | ) | |
| STURMAN and CAROL K. STURMAN, | ) | Judge Michael M. Mihm |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is now before the Court on Caterpillar's Motion for Leave to Interview Members of the Jury That Served During the Trial of This Case. While the Court has discretion to grant permission for post-trial contact with the jurors, such requests are generally disfavored as contrary to the Court's policy of protecting jurors from harassment and increasing the certainty of jury verdicts unless there has been some showing of "illegal or prejudicial intrusion into the jury process." Cuevas v. United States, 317 F.3d 751, 753 (7th Cir. 2003); United States v. Riley, 544 F.2d 237, 242 (5th Cir. 1976).

Here, there has been no suggestion, let alone a showing, of some illegal or prejudicial intrusion. Rather, the basis stated in Caterpillar's Motion is to allow its attorneys "to gain insight into how best to present complex issues to a jury, and how best to use (but not overuse) courtroom technology." While the Court might be more amenable to this request if the case had been tried by inexperienced attorneys new to the litigation practice, the lawyers in this case are all extremely experienced and effective litigators. As

Caterpillar's request does not reflect the rare and exceptional circumstances under which the Court would exercise its discretion to allow post-trial contact with the jurors, Caterpillar's Motion [#637] will be denied.

ENTERED this 5th day of January, 2006

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge