**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| CATERPILLAR INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 99-CV-1201 |
| ) | |
| STURMAN INDUSTRIES, INC., ODED E. ) | |
| STURMAN and CAROL K. STURMAN, ) | Judge Michael M. Mihm |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| STURMAN INDUSTRIES, INC., and ODED E. ) | |
| STURMAN, ) | |
| ) | |
| Counter-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CATERPILLAR INC., ) | |
| ) | |
| Counter-Defendant. ) | |

**ORDER DIRECTING SPECIFIC PERFORMANCE**
**AND DECLARATORY JUDGMENT**

A jury trial was held commencing on October 31, 2005, on Caterpillar's claims against the Sturmans for breach of contract, misappropriation of trade secrets, and conversion. Subsequently, the Court held an evidentiary hearing commencing on May 31, 2006, on the Sturmans' claim that requiring assignment would cause undue hardship to the Sturmans and their customers.

The parties stipulated that the Joint Development Agreement is valid and binding. The jury's verdict found that: (1) Caterpillar performed the contract; (2) the Sturmans breached paragraph 6.1 of the Joint Development Agreement by failing to assign intellectual property to Caterpillar; and (3) Caterpillar proved by a preponderance of the evidence that workable magnetic latching in a fuel

injector valve in the absence of permanent magnets via the use of a housing and armature made of material with sufficient residual magnetism was first made or conceived pursuant to the Joint Development Agreement Program. Finally, for reasons to be set forth in a separate order, the Court finds that, considering the totality of the circumstances, it would not be inequitable to require the Sturmans to specifically perform the Joint Development Agreement by executing the required assignments.

Accordingly, it is hereby ORDERED:

(1) Caterpillar is the rightful owner of all right, title, interest and/or benefit from or in United States Patent Numbers 5,460,329 and 5,640,987, and the patent applications from which they are derived.

(2) Caterpillar is entitled to obtain by assignment from the Sturmans all rights to United States Patent Numbers 5,460,329 and 5,640,987, and the patent applications from which they are derived.

(3) The Sturmans shall specifically perform the Joint Development Agreement by executing assignments to Caterpillar of the United States Patent Numbers 5,460,329 and 5,640,987, and the patent applications from which they are derived, in the form of the assignments previously executed on June 24, 2003, copies of which are attached to this Order.

ENTERED this 1st day of June, 2006.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge